UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAQUEL DECOSEY, MICHELL GOMEZ,
and KAY WHITE,

    Plaintiffs,

v.                                          CASE NO.:

MALIMPENSA, LLC d/b/a Little Dixie II,
Little Dixie III, and Harvey's, a Florida
Limited Liability Company, and VIVIANE
RICCI MALIMPENSA, Individually,

    Defendants.                         /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, RAQUEL DECOSEY, MICHELL GOMEZ, and KAY WHITE, by and through the undersigned attorney, sue the Defendants, MALIMPENSA, LLC, a Florida Limited Liability Company, and VIVIANE RICCI MALIMPENSA, Individually, and allege:

1. Plaintiffs were employees of Defendants and bring this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2. Plaintiffs were employees who worked for Defendants within the last three years in Polk County, Florida.

3. Defendant, MALIMPENSA, LLC, owns and operates three gas stations/convenience stores in Frostproof, Florida: "Little Dixie II," "Little Dixie III," and "Harvey's."

1

4. Defendants' "Little Dixie II" store is located at 22 Co Rd 630 W, Frostproof, Florida 33843.

5. Defendants' "Little Dixie III" store is located at 917 S Scenic Hwy, Frostproof, FL 33843.

6. Defendants' "Harvey's" store is located at 203 S Scenic Hwy, Frostproof, Florida 33843.

7. Plaintiff, RAQUEL DECOSEY, worked for Defendants from around February 2018 to April 2019 as a cashier/clerk.

8. Plaintiff DECOSEY worked for Defendants at all three of their locations.

9. Throughout Plaintiff DECOSEY's employment with Defendants she was paid an hourly rate that ranged from $8.30 per hour to $10.00 per hour.

10. Plaintiff, MICHELL GOMEZ, worked for Defendants from around February 2018 to October 2018 as a cashier/clerk.

11. Plaintiff GOMEZ worked for Defendants in their "Little Dixie II" and "Harvey's" locations.

12. Throughout Plaintiff GOMEZ's employment with Defendants she was paid an hourly rate of $8.10 per hour.

13. Plaintiff, KAY WHITE worked for Defendants from around February 2019 to October 2019 as a cashier/clerk.

14. Plaintiff WHITE worked for Defendants in their "Little Dixie III" location.

15. During Plaintiff WHITE's employment with Defendants she was paid an hourly rate of $8.50 per hour.

16. At all times material to this cause of action, Defendant, MALIMPENSA, LLC, was an enterprise subject to the Florida Constitution's provision on minimum wages and the FLSA.

17. At all times material to this cause of action, Plaintiffs were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

18. Defendant, MALIMPENSA, LLC, is a Florida Limited Liability Company that operates and conducts business in Polk County, Florida and is, therefore, within the jurisdiction of this Court.

19. At all times relevant to this action, VIVIANE RICCI MALIMPENSA was an individual resident of the State of Florida, who owned and operated MALIMPENSA, LLC, and who regularly exercised the authority to (a) hire and fire employees of MALIMPENSA, LLC; (b) determine the work schedules for the employees of MALIMPENSA, LLC, and (c) control the finances and operations of MALIMPENSA, LLC. By virtue of having regularly exercised that authority on behalf of MALIMPENSA, LLC, VIVIANE RICCI MALIMPENSA is/was an employer as defined by 29 U.S.C. § 201, et seq.

20. This action is brought under the FLSA to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

21. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

22. This Court has jurisdiction over Plaintiffs' claims under Fla. Const. Art. X § 24 pursuant to 28 U.S.C. §1367(a) given these claims are related to those in which the Court has original jurisdiction such that they form part of the same case or controversy under Article III of the United States Constitution.

23. Venue is proper in this jurisdiction because the acts giving rise to Plaintiffs' claims

occurred within this judicial district and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein in this judicial district.

24. During Plaintiffs' employment with Defendants, Defendant, MALIMPENSA, LLC, earned more than $500,000.00 per year in gross sales.

25. Defendant, MALIMPENSA, LLC, employed approximately forty-five (45) employees and paid these employees plus earned a profit from their business.

26. During Plaintiffs' employment, Defendant, MALIMPENSA, LLC, employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which traveled in interstate commerce, including but not limited to computers, cash registers, cleaning supplies, and other tools/materials used to run the business.

27. Therefore, at all material times relevant to this action, Defendant, MALIMPENSA, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

28. As cashiers/clerks Plaintiffs are individually covered under the FLSA because Plaintiffs were engaged in interstate commerce and/or handled goods in interstate commerce, including but not limited to, processing interstate credit card transactions, and handling cash registers, cleaning supplies, and other tolls/materials that traveled in interstate commerce.

**Minimum Wage and Overtime Violations**

29. At all times relevant to this action, Defendants failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiffs performed services for Defendants for which they were not paid full minimum wages and no provisions were made by Defendants to properly pay Plaintiffs for all overtime hours worked.

4

30. During their employment with Defendants, Plaintiffs worked overtime hours and were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per workweek during one or more workweeks.

31. Defendants are/were aware of the overtime hours worked by Plaintiffs.

32. Specifically, Plaintiffs were required to perform work "off-the-clock" several hours per week with no compensation afforded.

33. Defendants also required Plaintiffs to pay for "cash register shortages."

34. Defendants made other improper deductions for business-related expenses from Plaintiffs' pay.

35. Defendants' deduction of business-related expenses from Plaintiffs' pay reduced their total compensation below the required minimum wage in one or more weeks. Additionally, these deductions deprived Plaintiffs of their full and complete overtime compensation in weeks where Plaintiffs worked in excess of forty (40) hours per week.

36. Based upon the above policies, Defendants have violated Fla. Const. Art. X § 24 by failing to pay the full minimum wage for each hour worked.

37. Based upon the above policies, Defendants have violated the FLSA by failing to pay the full minimum wage plus complete overtime pay for each hour worked over forty (40) per week.

38. Plaintiffs are entitled to their regular rate of pay for all hours worked plus the half-time premium for all hours worked in excess of forty (40) per week.

39. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

40. Defendants have and continue to willfully violate Fla. Const. Art. X § 24 and the FLSA by not the wages owed to Plaintiffs.

41. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendants.

42. Plaintiffs have hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

43. All conditions precedent to this action have been performed or waived.

## COUNT I - RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

44. Paragraphs one (1) through forty-three (43) are fully re-alleged and incorporated herein.

45. At all relevant times, Defendants have been and continue to be employers engaged in commerce, within the meaning of Fla. Const. Art. X § 24.

46. At all relevant times, Defendants employed Plaintiffs within the meaning of Fla. Const. Art. X § 24.

47. As an hourly employee of Defendants, Plaintiffs are/were entitled to receive the applicable statutory Florida minimum wage rate for all hours worked per week during her employment with Defendants.

48. During Plaintiffs' employment with Defendants, Defendants had an improper pay policy/practice in which it made impermissible deductions from Plaintiffs' pay for business-related expenses.

49. During their employment with Defendants, Plaintiffs were not always paid the

minimum wage for each hour of work performed in violation of Fla. Const. Art. X § 24.

50. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs minimum wages for each hour worked in one or more workweeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

51. Defendants did not have a good faith basis for its failure to pay Plaintiffs minimum wages for each hour worked.

52. As a result of Defendants' willful violation of the law, Plaintiffs are entitled to liquidated damages in an amount equal to the unpaid wages.

53. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, RAQUEL DECOSEY, MICHELL GOMEZ, and KAY WHITE, demand judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate, damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)

54. Paragraphs one (1) through forty-three (43) are fully re-alleged and incorporated herein.

55. At all relevant times, Defendants have been and continue to be employers engaged in commerce, within the meaning of the FLSA.

56. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

57. As an hourly employee of Defendants, Plaintiffs are/were entitled to receive the

applicable statutory minimum wage rate for all hours worked per week during her employment with Defendants.

58. During Plaintiffs' employment with Defendants, Defendants had an improper pay policy/practice in which it made impermissible deductions from Plaintiffs' pay for business-related expenses.

59. During their employment with Defendants, Plaintiffs were not always paid the minimum wage for each week of work performed in violation of the FLSA.

60. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs minimum wages for each hour worked in one or more workweeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

61. Defendants did not have a good faith basis for its failure to pay Plaintiffs minimum wages for each hour worked.

62. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

63. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, RAQUEL DECOSEY, MICHELL GOMEZ, and KAY WHITE, demand judgment against Defendants for the payment of all unpaid minimum wages for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF OVERTIME COMPENSATION (FLSA)

64. Paragraphs one (1) through forty-three (43) are fully re-alleged and incorporated herein.

65. At all relevant times, Defendants have been and continue to be employers engaged in commerce, within the meaning of the FLSA.

66. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

67. As hourly employees of Defendants, Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

68. During Plaintiffs' employment with Defendants, Defendants' required Plaintiffs to perform work "off-the-clock."

69. During Plaintiffs' employment with Defendants, Defendants had an improper pay policy/practice in which it made impermissible deductions from Plaintiffs' pay for business-related expenses.

70. During their employment with Defendants, Plaintiffs were not paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

71. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

72. Defendants did not have a good faith basis for its failure to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per workweek.

73. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

74. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, RAQUEL DECOSEY, MICHELL GOMEZ, and KAY WHITE, demand judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 9th day of April, 2020.

**/s/ JOLIE N. PAVLOS**
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: JPavlos@forthepeople.com
*Attorney for Plaintiff*